CHESLEY LEFTRICK v. THE STATE.

No. 4425. Decided January 27, 1909.

**1.—Rape—Conflict of Evidence—Question of Fact.**

Where upon trial for rape there was a conflict in the evidence which it is the province of the jury to settle, the verdict of guilty will not be disturbed.

**2.—Same—Charge of Court—Moral Turpitude—Credibility of Witness.**

Where upon trial for rape the State introduced evidence with reference to other crimes affecting defendant's credibility as a witness, and there was no objection to this evidence at the time, and the court's charge limited this testimony to the credibility of the defendant's testimony, there was no error.

**3.—Same—Evidence—Leading Questions—Bill of Exceptions.**

Where upon appeal from a conviction of rape appellant's bill of exceptions as approved by the court did not urge the objection that the question propounded by the witness was leading, but showed as qualified by the trial judge that the objection was urged on another ground, there was no error.

**4.—Same—Practice on Appeal.**

Where upon appeal from a conviction of rape the matters complained of were not verified in any way, they could not be considered.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of rape; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Hous Lee,* for appellant.—On question of sufficiency of the evidence: Adkins v State, 65 S. W. Rep., 924; Alcorn v. State, 16 Texas Ct. Rep., 240; Kee v. State, 65 S. W. Rep., 517; Kennon v. State, 42 S. W. Rep., 376.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of rape on a girl under fifteen years of age, his punishment being assessed at seven years confinement in the penitentiary.

The evidence discloses that, prosecutrix at the request of her relatives, wife of appellant, had gone to spend the night with her; that she, appellant's wife, was sick and appellant absent from home. That during the night sometime after midnight, appellant returned and occupied a pallet at the far end of the room from where prosecutrix was sleeping on another pallet. That after he had retired he came to the pallet occupied by prosecutrix and had intercourse with her. That after he had penetrated her person she called to appellant's wife, who got up and lighted a lamp, thereupon appellant returned to his couch. This is denied by appellant as well as his wife. Concisely stated, the evidence shows for the State a case of intercourse by appellant with the girl, and a denial on his part corroborated by his wife. Appellant's contention, therefore, that the verdict is not sustained by the evidence cannot be sustained. Where there is a conflict in the evidence, it is the province of the jury to settle that issue, and this court will not feel called upon to disturb such finding of fact.

Appellant reserved a bill of exceptions to the following charge of the court: "If you believe that there is testimony showing or tending to show that defendant had been legally charged with some other crime or crimes than the one on trial, then you could consider such evidence only for the purpose of aiding you to determine the weight and credibility of the defendant's testimony,

and for no other purpose whatever." The objection urged is, that all of the crimes referred to and proved by the State were misdemeanors with the exception of one charging an assault to murder, which was compromised by a plea of guilty to an aggravated assault. That none of said offenses involved moral turpitude, and under the law cannot be considered by the jury in determining the credibility to be given to the testimony of the defendant. The court qualifies this bill by stating that the district attorney asked the witness if he had ever been legally charged with any other crime than the one on trial, and he answered that he had been indicted for murder, and the district attorney asked him then if he had ever been legally charged with any other crime than murder, and he then detailed two or three misdemeanor charges before counsel objected. The misdemeanor charges shown by the statement of facts, as we understand same, are gambling transactions. The evidence from defendant on this point is, as follows: "I was indicted for murder right here in this county once in 1902. I have been locked up in jail twice in my life. I have paid fines for gambling, but never was locked up for gambling in my life." It will be noted that the objection of appellant is to the charge and not to the introduction of the evidence. We are of opinion that the charge is sufficient, and that the court was correct in limiting the effect of this testimony. We are not called upon to discuss the question in regard to the admission of the evidence. The charge given we think is sufficient in regard to impeaching testimony.

Another bill of exceptions recites that the testimony of Ethel King (the prosecutrix) was as follows: "He did not say anything to me but got on top of me and commenced doing it to me. The district attorney then asked her to state to the jury whether or not he penetrated her person with any part of his body, and she answered, yes, sir. The district attorney then asked her, do you know what the male organ of a man is, to which she answered: no, sir, I don't know exactly what part of his person he penetrated me with; he penetrated my person on the inside. District attorney then asked the question, you mean your private part, to which prosecutrix answered, yes, sir." Defendant excepted because the question was leading and suggestive of the answers the State desired the witness to make, and the witness showed by her answers that she was incompetent to testify in the case for the reason that she did not know what the male organ was and what the private parts are, and what he penetrated her with. The court explains this bill as follows: "That the witness was an ignorant negro girl and timid and hard to get to answer the questions propounded to her by the district attorney, and the objection that the counsel for defendant made was not that the questions were leading, but his objections were as follows: 'Because in the first place, I take

it that this witness has never answered that he penetrated her at all. Mr. Watson asked the question, if he penetrated her person and she says yes, but the very moment that she was called upon to explain that and to say what that was, why she didn't do it, and she has not done it yet. I take it that the State would not be permitted to go further and ask further questions along the line of penetration until at least the witness was able to say what it was, otherwise she could not possibly know whether she had been penetrated and what penetration means, until she does so, she is not competent to testify, and the witness did answer that the defendant penetrated her with his male organ." As this bill is explained and qualified we see no error. The court certifies exceptions were not urged because the questions were leading.

There is a ground or two set out in the motion for new trial alleging there was error committed on the trial. These matters are not verified in any way and cannot constitute, therefore, the subject of revision. They are matters of fact.

Finding no reversible error in the record, it is ordered that the judgment be affirmed.

*Affirmed.*